JOSEPH WILKINS,

        Plaintiff,

      v.

COOK COUNTY OF ILLINOIS; GARY
KANIUK; SHERIFF THOMAS DART; DR.
USHA KARTAN; DR. ANDREA WARD; JOHN
HALLINAN; JESSICA K. GOLDBACH; PAULA
THIGPEN; JOEY PAUL; GINA CAPUTO; DR.
JENEA MCNEAL; JOHN DOE (the Cook
County Department of Corrections
Healthcare Unit Administrator); JOHN
DOE (Cook County Department of
Corrections Personnel); JOHN DOE (the
Cermak Health Services of Cook County
Director); JOHN DOE (Cermak
Personnel); JOHN DOE (Cook County
Health and Hospital Systems),

        Defendants.

No. 15 C 6225

Judge Thomas M. Durkin

## ORDER

Defendants contend that Joseph Wilkins has three strikes against him, and on that basis move the Court to dismiss his case or require him to pay the filing fee for this case before being permitted to proceed. *See* R. 34. Under 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he must prepay all filing fees to future

civil litigation, "unless the prisoner is in imminent danger of serious physical injury."

On August 17, 2015, the Court found that Wilkins had three strikes—cases 11cv50180, 11cv50267, and 13cv377—but that Wilkins sufficiently alleged that he was in imminent danger of serious physical injury, such that the Court did not require him to prepay the filing fee. R. 8 at 2. The Court based this finding on Wilkins's allegations that he was being deprived of medication to treat his "Skitzoaffective [sic] disorder . . . . leading to suicidal thoughts, anxiety attacks, and voices that incite him to violence." *Id.* Then on September 3, 2015, the Court amended its order to reflect that Wilkins only had two strikes because he was not incarcerated when he filed case 13cv377. *See* R. 11.

Defendants have identified three additional cases Wilkins has filed which they contend should count as strikes: 11cv4003 (C.D. Ill.); 11cv50281 (N.D. Ill.); and 11cv4055 (C.D. Ill.). Since the Court has already found that Wilkins has two strikes, if any one of the three additional cases Defendants have identified is a strike, then Wilkins has struck out.

In case **11cv4003**, Wilkins alleged that he was not receiving adequate medical treatment for a number of conditions. Judge Darrow granted Defendants' motion for summary judgment on March 1, 2013.

The dismissal in case 11cv4003 is not a strike because it was decided on the merits. Defendants argue that it should be a strike because Judge Darrow denied Wilkins's IFP on appeal finding that the appeal was not filed in good faith.

Defendants argue further that this is the equivalent of a frivolous filing. But Judge Darrow's denial of the IFP did not constitute a *dismissal* of the appeal itself, and in fact the Seventh Circuit affirmed Judge Darrow's ruling on the merits. Under 28 U.S.C. 1915(g), a prisoner only incurs a strike if an "action or appeal" is "*dismissed* on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." (emphasis added). Even if Judge Darrow's holding that Wilkins's appeal was not filed in "good faith" is the equivalent of holding that the appeal was "frivolous," Judge Darrow did not have the power to dismiss the appeal. Thus, Judge Darrow's holding that Wilkins's appeal was not filed in good faith does not constitute a strike.

In case **11cv50281**, Wilkins alleged that at Dixon Correctional Center he was "fed a predominantly soy-based diet that continued to cause him to experience various medical issues." On October 4, 2011, Judge Reinhard dismissed the complaint without prejudice because it contained "misjoined claims and defendants. . . . [and] [u]nrelated claims involving unrelated defendants must be brought in separate suits." Judge Reinhard instructed Wilkins to "amend his complaint raising only his claims as to [the] Dixon Correctional Center." Wilkins never filed an amended complaint, so on December 21, 2011, Judge Reinhard dismissed Wilkins's case "for failure to prosecute and noncompliance with [a] court order."

The dismissal in case 11cv50281 is not a strike because Judge Reinhard ultimately dismissed the case for failure to prosecute, which is not one of the enumerated grounds under 28 U.S.C. § 1915(g). Defendants argue that a number of

courts have found that claims based on provision of a predominantly soy-based diet cannot withstand scrutiny under Rule 12(b)(6), and that "when the opportunity to correct pleadings has been afforded and there has been no modification within a reasonable time, dismissal under Rule 12(b)(6) [is] the proper course." R. 43 at 7 (citing *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011)). It is true that the Seventh Circuit has held that when a "plaintiff is told to amend his unintelligible complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff." *Paul*, 658 F.3d at 705. But in that same opinion the Seventh Circuit also held that if a district court does not exercise its authority to dismiss a case based on the complaint's failure to state a claim after the plaintiff fails to amend a deficient complaint, but rather dismisses the case for failure to prosecute, "the plaintiff [is] entitled to take the previous dismissal[] at face value, and since [it] was [not] based on any of the grounds specified in section 1915(g), to infer that he was not incurring strikes by repeating dismissals." *Id.* at 706. The Seventh Circuit emphasized that the "statute is explicit . . . that classifying a dismissal as a strike depends on the grounds given for it; since most prisoners litigate their civil claims pro se, they should not be required to speculate on the grounds the judge could or even should have based the dismissal on." *Id.* Therefore, since Judge Reinhard dismissed the case for failure to prosecute, which is not one of the enumerated grounds in section 1915(g), the dismissal in case 11cv50281 does not constitute a strike.

In case **11cv4055**, Wilkins alleged that he was falsely arrested and that his First Amendment rights had been violated. On March 9, 2011, Judge Darrow held that Wilkins's complaint was "so sketchy that [it did] not provide the type of notice . . . . [required by] Rule 8." Judge Darrow dismissed the complaint without prejudice so that Wilkins could file an amended complaint. Wilkins never filed an amended complaint, so on April 23, 2012, Judge Darrow dismissed the case "without prejudice for failure to prosecute with due diligence and failure to follow a court order." As with case 11cv50281, the Seventh Circuit's reasoning in *Paul v. Marberry* applies to case 11cv4055 and its dismissal is not a strike.

Defendants also argue that the Court should hold an evidentiary hearing to determine whether Wilkins is in "imminent danger of serious physical injury." But since that finding is only necessary to save Wilkins from prepaying the filing fee if he has struck out, and the Court has determined that he has not struck out, the Court does not need to reach this issue.

For the foregoing reasons, Defendants' motion, R. 34, is denied.

ENTERED

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: February 18, 2016

5